NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUADALUPE GUILLEN IZAGUIRRE, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-620 Agency No. A213-389-156 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2025[**]
San Francisco, California

Before: FRIEDLAND and MENDOZA, Circuit Judges, and LASNIK, District Judge.[***]

Petitioner Guadalupe Guillen Izaguirre, a native and citizen of Mexico,

seeks review of a decision of the Board of Immigration Appeals ("BIA") affirming

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

the denial of his application for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings for substantial evidence and questions of law de novo, *see Park v. Garland*, 72 F.4th 965, 978, 980 (9th Cir. 2023), and we affirm.

1. Petitioner, who pleaded guilty in 2022 to two counts of burglary in Arizona, contends the BIA erred in failing to consider that Petitioner had attributed his crimes to his mental health issues and by upholding the immigration judge's ("IJ") "particularly serious crime" determination. A "particularly serious crime" determination bars an alien from receiving withholding of removal under the CAT. *See* 8 C.F.R. § 1208.16(d)(2) (citing to Immigration and Nationality Act § 241(b)(3)(B), 8 U.S.C. § 1231(b)(3)(B)). We decline to reach whether the BIA erred by failing to consider Petitioner's contention that his crimes were attributable to his mental health issues, because any error was harmless given the support in the record for the BIA's alternative ground for denying the petition for CAT relief, discussed below. *See infra*; *see also Park*, 72 F.4th at 974; *Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021).

2. Petitioner contends that he has shown a sufficient likelihood of being tortured upon removal to Mexico through (1) his testimony that his Americanized appearance and limited Spanish make him a target for kidnapping or other violence; (2) his testimony about a friend's experience in Mexico; and (3) his

submission of country report evidence documenting concerns about kidnapping and violence in Mexico. To demonstrate eligibility for withholding of removal under the CAT, an applicant must show it is "more likely than not" that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R. § 208.16(c)(2)). The threat of torture must be particularized. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008).

Here, substantial evidence supports the BIA's finding that Petitioner has failed to demonstrate a particularized threat of torture upon removal to Mexico. Generalized evidence of crime in Mexico and evidence of acquaintances being victimized in Mexico—like the evidence upon which Petitioner relies—do not constitute evidence of a particularized threat. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010). The BIA cited Petitioner's failure to demonstrate a particularized threat of torture when it affirmed the IJ's denial of Petitioner's request for *deferral* of removal under the CAT. On *withholding* of removal, the BIA affirmed the IJ's denial of Petitioner's request because it agreed with the IJ's "particularly serious crime" determination. But Petitioner's failure to demonstrate a particularized threat of torture independently prevents him from receiving *withholding* of removal under the CAT. Thus, Petitioner is not entitled to any of the relief he has requested under the CAT, regardless of whether he is deemed to

have committed a particularly serious crime.

3. The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 3) is otherwise **DENIED**.

**PETITION DENIED.**